Filed 8/25/20  P. v. Jiles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MARIAH MILIKA JILES,<br><br>　　Defendant and Appellant. | B302985<br><br>(Los Angeles County<br>Super. Ct. No. BA424131) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Perry, Judge.  Affirmed.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2014, Mariah Jiles fired a gun at Leon Merritt from the backseat of a van, with her two-year-old child beside her, wounding Merritt. She was convicted of attempted premeditated murder, shooting into an occupied vehicle, and felony child endangerment, and it was found true that she personally discharged a firearm causing great bodily injury. Jiles was sentenced to a term of life for the attempted murder, plus 25-to-life for the attendant firearm allegation, plus two years for child endangerment. The court stayed sentences for shooting at an occupied motor vehicle and the attendant firearm finding.

We affirmed the conviction but remanded the case for the trial court to exercise its newfound discretion to strike the firearm enhancement pursuant to recently amended Penal Code section 12022.53, subdivision (h). (*People v. Mosby* (Jan. 31, 2019, B281541) [nonpub. opn.].)

At resentencing, Jiles requested that the firearm enhancement be stricken, and argued that she could not be sentenced to a life term for attempted premeditated murder—but only seven years for unpremeditated attempted murder—because the second amended information contained no premeditation allegation. The trial court upheld the premeditation allegation, struck the Penal Code section 12022.53, subdivision (d) enhancement (25-to-life for discharging a firearm and causing great bodily injury during an attempted murder), and imposed instead the subdivision (b) enhancement (10 years for personally using a firearm during an attempted murder).

Jiles appeals.

We appointed counsel to represent Jiles on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to review the record

2

independently.  (*People v. Wende* (1979) 25 Cal.3d 436, 441-442.) On June 25, 2020, we sent letters to Jiles and appointed counsel, directing counsel to forward the appellate record to Jiles and advising her that within 30 days she could personally submit any contentions or issues that she wished us to consider.  She has not responded.  We have examined the entire record and find no arguable issue exists, and are therefore satisfied Jiles's attorney complied with his responsibilities.  (*Id*. at p. 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

3